UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASLAN KARGINOV,<br><br>     Plaintiff,<br><br>v.<br><br>PAMELA BONDI et al.,<br><br>     Defendants. | Case No. 5:26-cv-00329-SB-SP<br><br>ORDER GRANTING PERMANENT INJUNCTION |

     The Court granted in part Petitioner's ex parte application for a temporary restraining order (TRO) and ordered a bond hearing on February 3, 2026. Dkt. No. 10. The TRO also required the government to show cause at a hearing on February 20 why a preliminary injunction should not issue. *Id.* Following the February 20 hearing, which was continued to February 27, the parties agreed to expedited consideration of the underlying habeas corpus petition. *See* Fed. R. Civ. P. 65(a)(2). As directed, the parties met and conferred. Although the government maintains that the petition is moot, the parties have agreed on appropriate language in the event a permanent injunction is granted.

     The Court finds that the grant of preliminary relief does not render the petition moot because Petitioner seeks broader, permanent relief. The Court therefore ORDERS as follows:

1. Respondents shall immediately release Petitioner from immigration detention.

2. Respondents are ENJOINED AND RESTRAINED from redetaining Petitioner absent any of the following: (a) Petitioner's violation of his conditions of release pursuant to 8 C.F.R. § 241.13(i)(1); or (b) a

      showing of changed circumstances under 8 C.F.R §241.13(i)(2) considering all the facts of the case.

3. Respondents shall not remove Petitioner to a third country without written notice to Petitioner in a language the Petitioner can understand. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten (10) days to raise a fear-based claim for protection under the Convention Against Torture prior to removal. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.

      A final judgment will be separately filed. The clerk is directed to close the case.

Date: February 27, 2026

                                            Stanley Blumenfeld, Jr.
                                            United States District Judge